IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORI ATWOOD,<br><br>                   Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br><br>                   Defendant. | **8:21CV394**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion to exclude the testimony of Defendant's retained experts, Dr. Christine Durrett and Dr. M. Sean Green, under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993), Filing No. 42.  This is an action for damages brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*

I.      BACKGROUND

The plaintiff alleges she sustained physical and cognitive injuries in a work accident in December 2020.  The plaintiff moves to exclude the opinions of Drs. Durrett and Green, arguing their opinions are unreliable as based on unacceptable testing and methodology.  In opposition to the motion, the defendant has shown that Dr. Christine Durrett is board certified in clinical neuropsychology and is licensed to practice in Kansas. She has a Ph.D. in Clinical Psychology and sixteen years of practice experience.  Dr. Durrett performed a neuropsychological evaluation of Plaintiff in person on July 13, 2022. Dr. Green is dual board certified by the American Board of Psychiatry and Neurology in both Neurology and Brain Injury Medicine.  He has been practicing medicine since his residency in 1993 and was elected a Fellow in the American Academy of Neurology in

1

2018. He conducted a review of the plaintiff's medical records, Dr. Durrett's neuropsychological evaluation, the plaintiff's deposition, and other evidence produced in litigation. Both experts offered opinions on the nature, extent, and cause of the plaintiff's head injury damages.

II.   LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: (1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert*, 509 U.S. at 589. The proponent of expert testimony bears the burden of providing admissibility by a preponderance of the evidence. *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Testimony is relevant if it is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591. Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Kudabeck*, 338 F.3d at 860.

To satisfy the reliability requirement, the party offering the expert testimony must show by a preponderance of the evidence "that the methodology underlying [the expert's]

conclusions is scientifically valid." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citations omitted). In making the reliability determination, the court may consider:

> (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) whether the theory or technique has a known or potential error rate and standards controlling the technique's operations; and (4) whether the theory or technique is generally accepted in the scientific community.

*Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). Additional factors to consider include: " 'whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.'" *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008) (quoting *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 449 (8th Cir. 2008)).

"This evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject" these factors as the particular case demands. *Russell*, 702 F.3d at 456 (citation omitted). When making the reliability inquiry, the court should focus on "principles and methodology, not on the conclusions that they generate." *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012). However, "conclusions and methodology are not entirely distinct from one another. Trained experts commonly extrapolate from existing data." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded. *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011). "[D]oubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 954 (8th Cir. 2000) (quoting *Clark By & Through Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998)).

"[C]ases are legion" in the Eighth Circuit that "call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross–examination, rather than excluded by the court at the outset." *Id.* (quoting *Daubert*, 509 U.S. at 590). "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Daubert*, 509 U.S. at 596; *see also In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 778 (8th Cir. 2021) (quoting *Daubert*, 509 U.S. at 596). "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (quoting *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 976 (8th Cir. 1995)).

District courts are "not to weigh or assess the correctness of competing expert opinions." *Id.* The jury, not the trial court, should be the one to 'decide among the conflicting views of different experts.'" *Kumho Tire Co.*, 526 U.S. at 153.

III.    DISCUSSION

The Court finds the experts' opinions are relevant and reliable. Dr. Durrett's and Dr. Green's opinions are relevant because they provide information beyond the knowledge of the jury that will be useful in deciding issues related to causation and damages. The experts' opinions are reliable because both are medical professionals who are qualified by their education, training, and experience to render opinions and because

4

they reached their conclusions employing methods recognized as valid scientific methodology. The Court is satisfied that Defendant's experts are sufficiently qualified and reliable to opine on the specific issues relevant to this case and that their testimony will be helpful to the jury. The plaintiff's criticisms go to the weight, rather than the admissibility, of the evidence. Accordingly, the Court finds that Plaintiff's motion should be denied. The parties may still raise challenges to the factual basis and scope of the expert witnesses' opinions on cross-examination.

IT IS ORDERED that the plaintiff's motion (Filing No. 42) is denied, subject to appropriate objections at trial.

Dated this 19th day of July, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge